IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

THOMAS RICKEY HALEY, pro se
(non-corporate entity)                                                    **PLAINTIFFS**

v.                            CASE NO. 4:10-cv-723 DPM

RECONTRUST COMPANY, N.A.;
BAC HOME LOANS SERVICING, LP
f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP;
and BANK OF AMERICA CORPORATION, et. al (sic)                             **DEFENDANTS**

### BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants ReconTrust Company, N.A. [1] ("ReconTrust"), BAC Home Loans Servicing, LP[2] ("BAC"), and Bank of America Corporation ("Bank of America") (incorrectly named in plaintiff's complaint as "Bank of America Corporation, et. al") appear though their undersigned attorneys, and in support of their motion to dismiss the complaint (the "Complaint") of plaintiff Thomas Rickey Haley ("Haley"), state as follows:

### INTRODUCTION

This is the third lawsuit filed by Haley in an attempt to thwart or wrongfully delay the non-judicial foreclosure process. On October 28, 2009, Haley filed a complaint in the circuit court of Faulkner County, Arkansas, case number CV-2009-1200 (the "First Case"), seeking

---

[1] As reflected by the certificate of service attached to Haley's complaint, ReconTrust was not served with process in the manner required by any applicable set of rules of civil procedure. As a result, ReconTrust has been unable to confirm whether it has even received a copy of the complaint from Haley. ReconTrust therefore joins in this motion to dismiss based upon Haley's declaration that he mailed a copy of the complaint to ReconTrust. In joining in this motion, ReconTrust does not waive any rights or defenses, including but not limited to additional defenses based upon insufficiency of process or insufficiency of service of process.

[2] As reflected by the certificate of service attached to Haley's complaint, BAC was not served with process in the manner required by any applicable set of rules of civil procedure. As a result, BAC has been unable to confirm whether it has even received a copy of the complaint from Haley. BAC therefore joins in this motion to dismiss based upon Haley's declaration that he mailed a copy of the complaint to BAC. In joining in this motion, BAC does not waive any rights or defenses, including but not limited to additional defenses based upon insufficiency of process or insufficiency of service of process.

880048-v1

cancellation or delay of a non-judicial foreclosure sale scheduled for November 9, 2009, which sale is again referenced in the Complaint. Defendants were not served with process in the First Case and Haley voluntarily chose not to prosecute that case. The foreclosure sale occurred on November 9, 2009, and BAC was the high bidder at the sale and became the owner of the real property at issue. On November 12, 2009, Haley filed a second complaint, case number CV-2009-1266 (the "Second Case"), in the same court against the same parties seeking essentially the same relief. The Second Case was removed to federal court where a motion to dismiss was filed. Haley once again voluntarily chose not to pursue the Second Case. On February 11, 2010, the Second Case was dismissed without prejudice for failure to prosecute and failure to state a claim upon which relief could be granted. On March 4, 2010, the First Case was then dismissed with prejudice for failure to prosecute and for Haley's failure to comply with a state court order.

The case at bar is the third baseless and dilatory lawsuit filed by Haley against the same parties and their privies, based on the same event or set of circumstances, and seeking essentially the same relief – to delay being ejected from the foreclosed real property upon which he has been trespassing for over eight months (the "Third Case"). In addition to the general lack of plausibility of Haley's claims arising from the aforementioned circumstances, the Third Case should be dismissed for a variety of other reasons. First, this Third Case was already adjudicated on the merits by the circuit court of Faulkner County, Arkansas. Second, process was insufficient as to all defendants and service of process was insufficient as to all defendants. Third, the Complaint does not come close to stating any claim upon which relief could be granted.

Because of the multiple lawsuits filed and left pending but basically abandoned by Haley, defendants have been unable to take possession of real property owned by BAC since November 2009, and have incurred substantial fees and costs. Dismissal of the Complaint should therefore be *with prejudice*, and Haley should be required to pay defendants' attorneys' fees and costs in defending all three frivolous lawsuits.

## I. This Case Was Previously Dismissed Twice, the Second Time With Prejudice, and Should Therefore Be Dismissed Pursuant to Fed. R. Civ. P. 41.

The Federal Rules of Civil Procedure provide that if a plaintiff fails to prosecute or comply with a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). Unless the order of dismissal states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. *Id.* As described above, the Second Case was dismissed without prejudice for failure of Haley to prosecute and for failure to state a claim upon which relief could be granted. *See* Mot. Ex. 1. More specifically, Haley failed to timely respond to a motion to dismiss for failure to state a claim and for other reasons. *Id.* The Court notified Haley that his response to the motion to dismiss was overdue and directed him to contact the Court on or before a certain date if he opposed the motion to dismiss, or the Court would act on the assumption Haley did not oppose the motion. *Id.* Haley did not contact the Court. *Id.* Judge Holmes therefore dismissed the Second Case. *Id.* The order of dismissal of the Second Case provided that dismissal was without prejudice. *Id.*

The First Case was dismissed with prejudice for failure of Haley to prosecute and to follow a court order. *See* Mot. Ex. 2. More specifically, the Faulkner County circuit court scheduled a hearing and ordered Haley and opposing counsel to appear and advise the court of the status of the case. *Id.* Although the defendants in the First Case had not been served with

process, their counsel appeared at the hearing. *Id*. Haley chose not to appear. *Id*. Defendants made oral motion to dismiss the case, which was granted. *Id*. The order of dismissal of the First Case provides that this second dismissal was with prejudice. *Id*.

The current lawsuit – the Third Case – has already been dismissed twice because of Haley's decision to abandon the previous two cases. Although Haley did not affirmatively seek dismissal of the First Case and the Second Case as provided in Fed. R. Civ. P. 41(a) for "voluntary" dismissals, the dismissals of those cases were effectively voluntary because Haley chose to abandon them, not appear, not follow a court order, etc. Fed. R. Civ. P. 41(a)(1)(B) prevents plaintiffs from abusing the privilege of voluntarily dismissal by limiting plaintiffs to only *one* voluntary dismissal without prejudice in either federal or state court. Fed. R. Civ. P. 41(a)(1)(B). After the first dismissal without prejudice, a subsequent dismissal is with prejudice and operates as an adjudication on the merits. *Id*. Haley voluntarily abandoned the Second Case and received his first dismissal without prejudice. When Haley voluntarily abandoned the First Case the dismissal was with prejudice both as a matter of law (*see* Fed. R. Civ. P. 41(a)(1)(B)) and at the direction of the court. Being aware of the Second Case and its dismissal without prejudice, the intent of the circuit court to grant an adjudication on the merits of the First Case is evidenced by the language of the order stating in all capital letters that the case is "DISMISSED WITH PREJUDICE." *See* Mot. Ex. 2. Haley has had his day in court, so to speak – TWICE – and chose to do nothing with it. He should not be permitted to continue filing the same lawsuit over and over again, harassing the defendants, and causing them to incur legal expenses. Most importantly, the vexatious filing of the same case serves to delay and prevent BAC from taking possession of real property it has owned for over eight

months. This Third Case should therefore be dismissed with prejudice, and Haley should be required to pay the costs of the First Case and the Second Case as provided in Fed. R. Civ. P. 41(d) and for the Third Case as provided in Fed. R. Civ. P. 54. Haley should also be enjoined from filing yet a fourth lawsuit.

## II.    The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) for Insufficiency of Process and Insufficiency of Service of Process.

The Complaint was not served upon defendants in the manner required by the Federal Rules of Civil Procedure, the Arkansas Rules of Civil Procedure, or the rules of the states where service was made. Pursuant to the Federal Rules of Civil Procedure, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name must be served in one of two ways: (1) by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) by delivering a copy of the summons and complaint to an officer, managing or general agent, or another agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e)(1) and 4(h). Service of the Complaint on ReconTrust, BAC and Bank of America was not made in either of the manners described above, and no summons was served on any defendant, and therefore the Complaint should be dismissed as to all three defendants.

A.    The Complaint Should be Dismissed as to ReconTrust for Insufficiency of Process and Insufficiency of Service of Process.

The Complaint should be dismissed as to ReconTrust because it was not served in the manner required by the Federal Rules of Civil Procedure, the Arkansas Rules of Civil Procedure, or the Texas Rules of Civil Procedure. Although Haley states in the Complaint

that ReconTrust is a company with its principal place of business in California, he mailed a copy of the Complaint to "ReconTrust Company, N.A." at a post office box in Texas. *See* Mot. Ex. 3. The Complaint was not accompanied by a summons or citation. *Id.* Haley also mailed Complaint to BAC, Bank of America, and the law firm of "Duke (sic), Henry, Goldsholl & Winzerling, P.L.C."

"ReconTrust Company, N.A." is not an officer, managing or general agent, or other agent authorized to accept service of process for BAC, and thus service did not satisfy the requirements of Fed. R. Civ. P. 4(h)(1)(B). "ReconTrust Company, N.A." is not an agent authorized by appointment or by law to receive service of process or to a natural person specified by name who is an officer, partner other than a limited partner, managing or general agent of BAC, and therefore service did not satisfy the requirements of Ark. R. Civ. P. 4(d)(5) and (8)(A)(i). The Texas Rules provide for service of a complaint and citation upon a defendant by mailing them to the defendant by registered or certified mail, return receipt requested (*see* Tex. R. Civ. P. 106[3]), but the certificate of service attached to Haley's Complaint reflects that return receipt was not requested.

The other recipients to whom the Complaint was sent – ReconTrust, Bank of America, and the law firm of "Duke (sic), Henry, Goldsholl & Winzerling, P.L.C." – are not authorized to accept service of process on behalf of ReconTrust. In addition, the Federal Rules, Arkansas Rules and Texas Rules all require that a complaint served upon a defendant be accompanied by

---

[3] (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
    (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
    (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

a summons (or citation, in Texas). The Complaint sent by Haley to ReconTrust was not. Process upon ReconTrust was insufficient and service of process upon ReconTrust was insufficient, and therefore the Complaint should be dismissed as to ReconTrust.

    B.    The Complaint Should be Dismissed as to BAC for Insufficiency of Process and Insufficiency of Service of Process.

The Complaint should be dismissed as to BAC because it was not served in the manner required by the Federal Rules of Civil Procedure, the Arkansas Rules of Civil Procedure, or the California Rules of Civil Procedure. Haley mailed a copy of the Complaint to "Bank of America Home Loans Servicing Customer Service, SV-B314" at a post office box in California. *See* Mot. Ex. 3. The Complaint was not accompanied by a summons. *Id.* Haley also mailed the Complaint to ReconTrust, Bank of America, and the law firm of "Duke (sic), Henry, Goldsholl & Winzerling, P.L.C." *Id.*

"Bank of America Home Loans Servicing Customer Service, SV-B314" is not an officer, managing or general agent, or other agent authorized to accept service of process for BAC, and thus service did not satisfy the requirements of Fed. R. Civ. P. 4(h)(1)(B). "Bank of America Home Loans Servicing Customer Service, SV-B314" is not an agent authorized by appointment or by law to receive service of process or to a natural person specified by name who is an officer, partner other than a limited partner, managing or general agent of BAC, and therefore service did not satisfy the requirements of Ark. R. Civ. P. 4(d)(5) and (8)(A)(i). The California Rules of Civil Procedure contain service requirements similar to the Federal and

Arkansas requirements, which requirements were likewise not satisfied. CAL CPP Code 416.40.[4]

The other recipients to whom the Complaint was sent – ReconTrust, Bank of America, and the law firm of "Duke (sic), Henry, Goldsholl & Winzerling, P.L.C." – are not authorized to accept service of process on behalf of BAC. In addition, the Federal Rules, Arkansas Rules and California Rules all require that a complaint served upon a defendant be accompanied by a summons. The Complaint sent by Haley to BAC was not. Process upon BAC was insufficient and service of process upon BAC was insufficient, and therefore the Complaint should be dismissed as to BAC.

  C. The Complaint Should be Dismissed as to Bank of America for Insufficiency of Process and Insufficiency of Service of Process.

The Complaint should be dismissed as to Bank of America because it was not served the manner required by the Federal Rules of Civil Procedure, the Arkansas Rules of Civil Procedure, or the North Carolina Rules of Civil Procedure. Haley mailed a copy of the Complaint to "Bank of America Corporate Affairs" at the office of Bank of America's headquarters in North Carolina. *See* Mot. Ex. 3. The Complaint was not accompanied by a summons. *Id.* Haley also mailed the Complaint to ReconTrust, BAC, and the law firm of "Duke (sic), Henry, Goldsholl & Winzerling, P.L.C." *Id.*

---

[4] 416.40. A summons may be served on an unincorporated association (including a partnership) by delivering a copy of the summons and of the complaint:

       * * *

(b) If the association is not a general or limited partnership, to the person designated as agent for service of process in a statement filed with the Secretary of State or to the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process;

"Bank of America Corporate Affairs" is not an officer, managing or general agent, or other agent authorized to accept service of process for Bank of America, and thus service did not satisfy the requirements of Fed. R. Civ. P. 4(h)(1)(B). "Bank of America Corporate Affairs" is not an agent authorized by appointment or by law to receive service of process or to a natural person specified by name who is an officer, partner other than a limited partner, managing or general agent of Bank of America, and therefore service did not satisfy the requirements of Ark. R. Civ. P. 4(d)(5) and (8)(A)(i). The North Carolina Rules of Civil Procedure contain service requirements similar to the Federal and Arkansas requirements, which requirements were likewise not satisfied. N.C. R. Civ. P. 4(j)(6).[5]

The other recipients to whom the Complaint was sent – ReconTrust, BAC, and the law firm of "Duke (sic), Henry, Goldsholl & Winzerling, P.L.C." – are not authorized to accept service of process on behalf of Bank of America. In addition, the Federal Rules, Arkansas

---

[5](j)   Process – Manner of service to exercise personal jurisdiction. – In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1075.4, the manner of service of process within or without the State shall be as follows:

* * *

(6)   Domestic or Foreign Corporation. – Upon a domestic or foreign corporation by one of the following:

a.   By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

b.   By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c.   By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

d.   By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub subdivision, "delivery receipt" includes an electronic or facsimile receipt.

Rules and North Carolina Rules all require that a complaint served upon a defendant be accompanied by a summons. The Complaint sent by Haley to Bank of America was not. Process upon Bank of America was insufficient and service of process upon Bank of America was insufficient, and therefore the Complaint should be dismissed as to at least Bank of America.

### III. The Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Could be Granted.

The Complaint does not come close to stating a plausible claim for anything and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. -- , --, 129 S.Ct. 1937, 1949 (2009); (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555) (internal quotations omitted).

In determining whether Haley has stated a claim against defendants, the Court must determine whether he has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 554. A complaint cannot simply "[l]eave open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citations omitted). Rather, the facts in the complaint must be sufficient to "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570.

The only two paragraphs in the Complaint that could be construed as substantive allegations are as follows:

> 6. On November 9, 2009 DEFENDANT ReconTrust Company, N.A., through its agents (not named as a party to this action) conducted a wrongful, non-judicial foreclosure sale of a property owned by the PLAINTIFF in Faulkner County, Arkansas, located at 331 Hwy 287 Greenbrier, Arkansas [72058] (hereafter known and (sic) the Property)
>
> 7. The DEFENDANTS have not produced the original, unaltered, wet-ink signed, debt instrument to prove they are, in fact, the "holder in due course." *Arkansas Supreme Court –John P. McKay, Jr. and Rosemary L. McKay v. CAPITAL RESOURCES COMPANY, LTD. (1997)96-200 S.W.2d* (see Exhibit A, attached)

*See* Mot. Ex. 3 at ¶¶ 6 and 7. A bare allegation that a non-judicial foreclosure sale is "wrongful," without supporting facts or explanation, does nothing more than leave open the possibility that the defendants committed an unlawful act. An allegation that defendants did not produce an original debt instrument cannot similarly does nothing more than suggest that plaintiff might later reveal some undisclosed set of facts entitling him to relief. Haley simply has not plead sufficient facts to nudge his claims across the line from "conceivable" to "plausible." Notably, although Haley complains that defendants did not "prove they are, in fact, the 'holders in due course'," Haley has not alleged that defendants were not, in fact, holders in due course, suggesting that Haley knows there is no undisclosed set of facts that would actually entitle him to relief.

Haley has demonstrated no more than a sheer possibility that defendants acted unlawfully, if even that. Even if Haley had pleaded facts consistent with some liability, which he did not, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 557). The Complaint is devoid of a

sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, and should therefore be dismissed.

## CONCLUSION

Haley should not be allowed to continue his harassing and dilatory behavior of filing baseless lawsuits against defendants and their privies, allowing them to sit and when dismissed, file yet another one. This Third Case has already been dismissed twice due to Haley's voluntary abandonment of the First Case and Second Case. The dismissal of the First Case was a dismissal with prejudice and was an adjudication on the merits. Even without consideration of the general circumstances suggesting lack of overall plausibility of Haley's claims, this Third Case has many defects of its own, any one of which warrants dismissal. For example, the Complaint appears to be only a half-hearted attempt by Haley to state a claim upon which relief could be granted, and wholly fails to do so. Process was insufficient as to all defendants, and service of process was insufficient as to all defendants. The Complaint should be dismissed with prejudice in its entirety. To stop this nonsense, Haley should be ordered to pay defendants for the legal fees and costs for defending these three frivolous lawsuits. Enough is enough – Haley should be enjoined from further lawsuits against these three defendants and their privies based upon the same claims.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jhenry@wlj.com
        ajung@wlj.com

By  */s/ Judy S. Henry*
    Judy Simmons Henry (84069)
    Adrienne L. Jung (2007159)
    Attorneys for ReconTrust Company, N.A.,
    BAC Home Loans Servicing, LP, and Bank of
    America Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2010, a copy of the foregoing was sent by United States mail to the following:

Thomas R. Haley
331 Hwy 287
Greenbrier, AR  72058
*Pro se plaintiff*

                                         _____
                                         Judy Simmons Henry